IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IDA DEJOHN, | No. 18-cv-00079 |
| Plaintiff, | |
| v. | Judge John F. Kness |
| DOLLAR TREE STORES, INC., | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

This personal injury case arises from a 2015 incident at a Dollar Tree store in Tinley Park, Illinois.[1] As Plaintiff Ida DeJohn was pushing a shopping cart down the aisle, she felt the wheels of her cart stop abruptly. When the cart stopped, Plaintiff lost her balance, fell, and was injured. Plaintiff later sued Defendant and alleged that, even though Plaintiff did not see what caused the cart's wheels to stop, Defendant's employees were negligent in failing to remove the debris that Plaintiff alleges caused her accident.

Plaintiff alleges a plausible theory, to be sure—but the evidence in support of that theory is critically lacking. In the absence of such evidence, a trier of fact could not reasonably conclude that Defendant's negligence was the cause of Plaintiff's fall. Accordingly, Defendant's motion for summary judgment is granted.

---

[1] Plaintiff's claims arise under Illinois law. Jurisdiction is proper in this Court because Plaintiff (a citizen of Illinois) and Defendant (a citizen of Virginia) are citizens of different states, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

I.  **BACKGROUND**[2]

On November 30, 2015, Plaintiff fell while pushing a shopping cart in a Tinley Park Dollar Tree store. (Dkt. 51, Pltf. SOF, ¶ 1.) At her deposition, Plaintiff testified that she was "pushing the cart. It got stuck or jammed. I don't know. The next thing I remember, it's tilting and I'm trying to hold this cart up. I couldn't hold it up and the cart and I both fell." (Dkt. 43-1, Ex. C, Pltf. Dep., at 24:24-25:4.)

Plaintiff sued Defendant under premises liability and negligence theories in the Circuit Court of Cook County, Illinois. On January 5, 2018, Defendant removed the case to the Northern District of Illinois. (Dkt. 1.) After an ample period of discovery throughout 2018 and 2019, Defendant moved for summary judgment. (Dkt. 41.) That motion is now fully briefed and before the Court for resolution. (*See* Dkt. 41-54.)

Defendant argues the Court should grant summary judgment on all claims because Plaintiff has not created a genuine issue of material fact regarding (1) whether Defendant was on notice of the allegedly dangerous condition; or (2) whether Defendant's alleged negligence was the cause-in-fact of her injuries. (*See* Dkt. 42, Def. Mem., at 6.) According to Defendant, "Plaintiff has failed to present an adequate factual basis showing the existence of a specified condition of the shopping cart which made it unsafe or posed a danger of harm." (*Id.*) Put another way, Defendant contends that, because Plaintiff has not presented evidence of the source of the "strings and debris" that jammed her cart, it cannot lawfully be held liable.

---

[2] All facts, and any inferences to be drawn from them, are viewed in the light most favorable to Plaintiff as the non-moving party. *See Scott v. Harris*, 550 U.S. 372, 378 (2007).

Plaintiff responds that she has presented evidence that the cart's jamming caused her fall, that the jam occurred because there was string or other debris caught in the wheels, and that Defendant was on notice that debris routinely got caught in cart wheels. In support, Plaintiff notes that (1) Plaintiff's son testified that he observed twine caught in shopping cart wheels at a Tinley Park Dollar Tree store (Dkt. 51, Pltf. SOF, ¶¶ 1-4); (2) two of Defendant's employees (James Rodriguez and Larry Lobue) testified that shopping cart wheels jammed when string became caught in them on prior occasions and that debris was known to be an issue with Defendant's shopping carts (*Id.* ¶¶ 11-21, 33-39); and (3) Plaintiff's testimony as to how she fell is consistent with debris causing the wheel of the cart to jam (Dkt. 43-1 Ex. C, Pltf. Dep., at 24:24-25:4).

Defendant replies that this evidence is insufficient because no witness has connected any of the shopping carts that had string or other debris caught in them to the shopping cart that allegedly caused Plaintiff's fall. To the contrary, Rodriguez—the only witness besides Plaintiff who pushed Plaintiff's shopping cart—testified that he moved the cart to the store's break room after Plaintiff fell and was able to push it freely. (Dkt. 43-1 Ex. D, Rodriguez Dep. at 68:14-69:1, 71:3-12.) And Plaintiff herself admits the cart appeared to be working properly before she fell. (Dkt. 43, Pltf. SOF, ¶ 15.) Defendant argues that summary judgment is therefore proper.

## II. LEGAL STANDARD

Summary judgment is warranted only if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). As the " 'put up or shut up' moment in a lawsuit, summary judgment requires a non-moving party to respond to the moving party's properly-supported motion by identifying specific, admissible evidence showing that there is a genuine dispute of material fact for trial." *Grant v. Trustees of Indiana Univ.*, 870 F.3d 562, 568 (7th Cir. 2017) (quotations omitted).

## III. ANALYSIS

This diversity action arises from events that took place in the state of Illinois. State law "provides the substantive law in a diversity action." *Maroules v. Jumbo, Inc.*, 452 F.3d 639, 645 (7th Cir. 2006). Accordingly, the Court must "predict how the Illinois Supreme Court would decide the issues presented here." *Nationwide Agribusiness Ins. Co. v. Dugan*, 810 F.3d 446, 450 (7th Cir. 2015). Where the Supreme Court of Illinois "has not ruled on an issue, decisions of the Illinois Appellate Courts

4

control, unless there are persuasive indications that the Illinois Supreme Court would decide the issue differently." *Id.*

Under Illinois law, premises liability and negligence are distinct torts with distinct elements that should be analyzed "separately and fully." *Donald v. Target Corp.*, No. 15 C 5714, 2016 WL 397377, at *1 (N.D. Ill. Feb. 2, 2016) (collecting cases) ("Courts have recognized the independence of these two claims and have highlighted the different elements required to prove each one"). Accordingly, the Court will address each claim in turn.

### A. Negligence

To prevail on an ordinary negligence claim under Illinois law, a plaintiff "must prove that (1) the defendant owed a duty of reasonable care to the plaintiff; (2) the defendant breached that duty; and (3) the breach proximately caused the plaintiff's injury." *Hickey v. Target Corp.*, 12-cv-04180, 2014 WL 1308350, at *3 (N.D. Ill. Apr. 1, 2014) (applying Illinois law). Where a business invitee "is injured by slipping on a foreign substance, the defendant business may be liable if the substance was placed on the premises by the negligence of the proprietor or its agents." *Id.* (citing *Olinger v. Great Atl. & Pac. Tea Co.*, 173 N.E.2d 443, 445 (Ill. 1961)). Summary judgment is proper where "no further evidence is offered other than the presence of the substance and the occurrence of the injury[.]" *Olinger*, 173 N.E.2d at 446.

Plaintiff contends that she fell because "strings and debris" became caught in her shopping cart, causing it to jam and her to fall. (Dkt. 50, Pltf. Resp., at 8.) But she does not contend Defendant caused those substances to be found in the wheels.

5

Indeed, the summary judgment record does not address the source of the "strings and debris" at all. Because Plaintiff has not offered any evidence from which a jury could conclude that the "strings and debris" were placed on the premises by the negligence of Defendant or its agents, the Court must grant summary judgment for Defendant with respect to Plaintiff's negligence claim. *Cf. Bailey v. City of Chicago*, 779 F.3d 689, 697 (7th Cir. 2015) (summary judgment is appropriate where "the factual record is not sufficiently developed for [the Court] to find a question of material fact").

### B. Premises Liability

The elements of a premises liability claim are "(1) A condition on the property presented an unreasonable risk of harm to people on the property; (2) The defendant knew or in the exercise of ordinary care should have known of both the condition and the risk; (3) The defendant could reasonably expect that people on the property would not discover or realize the danger or would fail to protect themselves against such danger; (4) The defendant was negligent in one or more ways; (5) The plaintiff was injured; and (6) The defendants negligence was a proximate cause of the plaintiff's injury." *Rosales v. Menard, Inc.*, No. 17 C 1131, 2018 WL 2299232, at *3 (N.D. Ill. May 21, 2018) (applying Illinois law). Defendant argues there is no evidence there was debris in Plaintiff's cart; thus, there is no evidence that Defendant was on notice of that debris (element 2, notice), or that the debris caused Plaintiff to fall (element 6, proximate cause). (*See* Dkt. 42, Def. Memo, at 4-6.)

The Court first addresses notice: *i.e.*, whether Defendant "knew or in the exercise of ordinary care should have known" of the hazard. *Rosales*, 2018 WL

6

2299232, at *3. A business owner is on notice of an object that causes an invitee to slip and fall if (1) "his servants knew of its presence; or" (2) "the object was there a sufficient length of time so that, in the exercise of ordinary care, its presence should have been discovered (*i.e.*, the proprietor had constructive notice of the object)." *Haslett v. United Skates of Am., Inc.*, 136 N.E.3d 172, 182 (Ill. App. Ct. 2019).[3] Plaintiff has not presented any evidence that Defendant or its agents saw any debris in her cart. There is thus no genuine issue of material fact regarding actual notice.

Constructive notice raises the difficult question of whether debris was caught in Defendant's shopping carts frequently enough to place it on notice of the danger. Under Illinois law, property owners are on constructive notice of a dangerous condition that is "regular and recurring." *Olivarius v. Tharaldson Prop. Mgmt., Inc.*, 695 F. Supp. 2d 824, 834 (N.D. Ill. 2010) (applying Illinois law) (citing *Dunlap v. Marshall Field & Co.*, 327 N.E.2d 16, 19 (Ill. App. Ct. 1975)); *see also Piotrowski v. Menard, Inc.*, 842 F.3d 1035, 1040 (7th Cir. 2016) (applying Illinois law) (constructive notice requires "a pattern of dangerous conditions or a recurring incident. . . ."). On one hand, it is uncontested that debris became lodged in shopping cart wheels on more than one occasion. (Dkt. 51, Pltf. SOF, ¶¶ 18-20, 34-38.) And Defendant's employees admitted that they designated a person for handling issues with the cart wheels when they arose. (Dkt. 43-1, Rodriguez Dep., 34:5-16.) The hazard could therefore be construed as "recurring."

---

[3] A business owner also breaches his duty to an invitee who slips on a foreign object if the object was placed there by its agents. *See Haslett*, 136 N.E.3d at 182. For the reasons stated in Section III.A above, there is no triable issue of fact regarding whether the foreign object in this case was placed on the premises by Defendant or its agents.

7

On the other hand, Plaintiff has offered evidence of only a handful of occasions where debris was found. And she presents zero evidence that debris in shopping cart wheels ever caused anyone else to fall. Meanwhile, Defendant has presented undisputed testimony that it was "very rare" for debris to become lodged in shopping cart wheels. (Dkt. 51-3, Rodriguez Dep., at 39:6-14, 43:3-44:3; *see also* Dkt. 51-5, Lobue Dep., at 19:6-18 (testifying that debris in cart wheels was "not a common problem").) Plaintiff may thus be unable to prove the condition was sufficiently "regular" to put Dollar Tree on constructive notice of a "pattern of dangerous conditions." *Piotrowski*, 842 F.3d at 1040.

Although the issue is close, and although the infrequency of these occurrences is pertinent, the admissions of Defendant's employees that they knew about the issue is sufficient at this stage to preclude summary judgment on the question of notice. More precisely, the Court cannot find that Defendant lacked constructive notice of the condition as a matter of law. *Cf. RGB Plastic, LLC v. First Pack, LLC*, 184 F. Supp. 3d 649, 668 (N.D. Ill. 2016) (reminding plaintiff who survived summary judgment on a close call that it would not have the benefit of the Rule 56 standard at trial).

But despite that Defendant falls short with respect to notice, Defendant ultimately is entitled to summary judgment based on the lack of evidence concerning causation. To establish cause-in-fact in a premises liability case, a plaintiff must "affirmatively and positively show" that the allegedly dangerous condition caused Plaintiff's injuries. *Bermudez v. Martinez Trucking*, 796 N.E.2d 1074, 1078 (Ill. App.

Ct. 2003) (quotations omitted). This means "[l]iability against a defendant cannot be predicated on speculation, surmise, or conjecture." *Berke v. Manilow*, 63 N.E.3d 194, 204 (Ill. App. Ct. 2016). Rather, the evidence must provide "a reasonable certainty" that the condition caused plaintiff's injury. *Mann v. Producer's Chem. Co.*, 827 N.E.2d 883, 889 (Ill. App. Ct. 2005). As a result, "a plaintiff who fails to establish the element of proximate cause has not sustained his or her burden of making a *prima facie* case and summary judgment is proper." *Berke*, 63 N.E.3d at 204.

Plaintiff has not met this burden. She did not see any debris in the wheels. (Dkt. 51, Pltf. Resp. Def. SOF, ¶¶ 16, 18.) Nor did any other witness, even though multiple people witnessed the immediate aftermath of her fall. (Dkt. 51-3, Rodriguez Dep. at 52:14-20.) Rodriguez, the only witness besides Plaintiff who wheeled her shopping cart, testified that he did not see any obstruction in the wheels or have any difficulty moving it. (*Id.*; *see also* Dkt. 51, Pltf. Resp. Def. SOF, ¶¶ 27-28.) And Plaintiff herself had no difficulty moving the cart before the incident. (Dkt. 51, Pltf. Resp. Def. SOF, ¶ 15.) There is, quite simply, no direct evidence—no testimony from a percipient witness (including Plaintiff), no video evidence, no photographs, no physical evidence of any kind—to establish a genuine issue as to whether there was debris in the wheels of Plaintiff's cart.

To be sure, Plaintiff could prove her case by circumstantial evidence, rather than direct observation. *See Berke*, 63 N.E.3d at 204 ("causation may be established by facts and circumstances that, in the light of ordinary experience, reasonably suggest that the defendant's negligence operated to produce the injury"). But

9

circumstantial evidence that there was debris in Plaintiff's cart is scant. Plaintiff's son testified that he found another cart at a Dollar Tree store that had debris in the wheels. (Dkt. 51, Pltf. SOF, ¶¶ 1-4.) And Rodriguez and Lobue testified that they observed carts with debris stuck in them at other Dollar Tree locations. (*Id.* ¶¶ 18-20, 34-38).

These morsels of circumstantial evidence are insufficient to create a genuine issue of material fact. There is no evidence that they relate to the cart Plaintiff was using when she fell. (*See* Dkt. 51, Pltf. Resp. Def. SOF ¶ 20; Dkt. 43-1, DeJohn Dep., at 36:3-6.) Indeed, Plaintiff admits that she does not know whether the shopping cart her son photographed is the one she used. (*Id.*) Moreover, Rodriguez and Lobue both testified that debris in shopping cart wheels was not a common problem. (Dkt. 51-3, Rodriguez Dep., at 70:10-13; Dkt. 51-5, Lobue Dep., at 19:6-10.) Specifically, Rodriguez testified that string in cart wheels was not a "regular issue," that it was "very rare" for there to be any issue with the shopping cart wheels, and that the only carts he had seen jam were found at a different Dollar Tree location. (Dkt. 51-3, Rodriguez Dep., at 39:6-14, 43:3-44:3.) For his part, Lobue testified that there was only a single incident where string was caught in a cart wheel that he could recall and that debris in wheels was "not a common problem." (Dkt. 51-5, Lobue Dep., at 19:6-18.)

As the Court recognizes, reasonable persons could disagree whether this small number of incidents was enough to put Defendant on notice of the potential danger of cart debris. By the same token, however, a handful of examples of debris in other

10

shopping carts is not enough for a reasonable factfinder to conclude that the particular shopping cart at issue here contained debris on the day Plaintiff fell. Such incidents prove only what is a matter of common knowledge: that debris *might*, on occasion, become caught in the wheels of a shopping cart. But that is not enough to require Defendant to stand trial in this case; more to the point, the truism that shopping carts sometimes get foreign matter stuck in their wheels fails to create a genuine issue of material fact in this case.

Plaintiff seeks a trial to establish that it is more likely than not debris caused her cart to jam simply because there is no better explanation for why the cart might have jammed. (*See* Dkt. 50, Pltf. Resp. at 5-8.) Illinois law, however, does not permit such an inference without sufficient evidence to back it up. On the contrary, where the "proven facts demonstrate that the nonexistence of the fact to be inferred appears to be just as probable as its existence, then the conclusion is a matter of speculation, conjecture, and guess and the trier of fact cannot be permitted to make that inference." *See Berke*, 63 N.E.3d at 204. Because the record in this case is silent on the critical question of what caused the cart's wheels to jam, it is at least equally likely that something other than debris caused Plaintiff's cart to stop. Put another way, it would require nothing more than speculation to find that debris caused this accident. *See id.*; *Bailey*, 779 F.3d at 697.

In arguing against an adverse summary judgment, Plaintiff relies upon *Caburnay v. Norwegian Am. Hosp.*,[4] a case in which the plaintiff tripped and fell on

---

[4] Plaintiff also relies on *Nunez v. Diaz*, 98 N.E.3d 431 (Ill. App. Ct. 2017), but it is inapposite. *Nunez* involved a plaintiff who fell down a flight of stairs and later sued the

11

a mat on the defendant's property. 963 N.E.2d 1021, 1023 (Ill. App. Ct. 2011). The plaintiff sued the property owner and alleged that a fold in the mat constituted a dangerous condition that the owner failed to cure. *Id*. At his deposition, the plaintiff testified that he did not see a fold in the mat but felt his foot catch on a fold. *Id*. at 1029. Finding there was no evidence a fold existed in the absence of any eyewitness testimony to that effect, the circuit court granted summary judgment for the property owner. *Id*. at 1027.

Reversing the trial court, the Illinois Appellate Court concluded that plaintiff's testimony that "he felt his foot catch in the mat" was "a sensory perception, in the same way that a blind person would describe something he or she was able to touch but not see." *Id*. at 1028. Because the plaintiff did not testify that "it 'felt as if' he tripped on a fold or that it 'seemed like' his foot caught a buckle in the carpet, but instead unequivocally testified as to his sensory perceptions[,]" his testimony was enough to create a genuine issue of fact regarding whether the mat was folded. *Id*.

Plaintiff likens her testimony that she felt the cart wheels jam to the plaintiff's testimony in *Caburnay*, arguing that her tactile perception of the cart jamming should be enough to survive summary judgment. (Dkt. 50, Pltf. Resp. at 7; Dkt. 43-1

---

property owner under the theory that a defective post the owner had installed failed to break the plaintiff's fall. *Id.* at 825. Because the plaintiff testified that she did not know what caused her to fall down in the first place, the property owner defendant argued that plaintiff failed to create a triable issue regarding causation. *Id.* Rejecting that argument, the Illinois Appellate Court held that, because the plaintiff's claim was that the post failed to break her fall, the question of what caused the fall was immaterial. *Id.* Plaintiff here, however, does not assert that the shopping cart should have broken a fall already in progress (which would render the initial cause of the fall immaterial); she alleges the condition of the cart caused her to fall in the first place (which makes the cause of the fall material).

12

Ex. C, Pltf. Dep., at 24:24-25:4.) But this argument misses the point. Although the Court accepts at this stage Plaintiff's testimony that the wheels of the cart jammed (notwithstanding Defendant's arguments to the contrary (*e.g.*, Dkt. 53, Def. Memo, at 5)),[5] that reveals little if anything about *how* the wheels got stuck. Unlike *Caburnay*—where the fold in the mat was itself the dangerous condition—the condition here was the "strings and debris" in the wheels. Plaintiff presents no tactile evidence of "strings and debris." And she has presented insufficient evidence of any other kind demonstrating the presence of "strings and debris" (or, for that matter, of any other condition Defendant had a duty to fix). As a result, Plaintiff has failed to show a triable issue whether Defendant's negligence was the cause (proximate or otherwise) of her fall.

## IV. CONCLUSION

Based on the foregoing reasons, Defendant's motion for summary judgment is granted.

SO ORDERED.

Date: February 26, 2021

JOHN F. KNESS
United States District Judge

---

[5] Plaintiff's testimony on this point is not unequivocal. (*See* Dkt. 43-1, Ex. C, Pltf. Dep., at 24:24-25:4 (the cart " . . . got stuck or jammed. I don't know. The next thing I remember, it's tilting and I'm trying to hold this cart up. I couldn't hold it up and the cart and I both fell").)

13